2011 Ark. 22

**Brian Joseph WOODALL, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 10–796.**

Supreme Court of Arkansas.

Jan. 27, 2011.

Robert M. "Robby" Golden, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Eileen W. Harrison, Ass't Att'y Gen., for appellee.

KAREN R. BAKER, Justice.

Appellant Brian Joseph Woodall appeals his conviction by a Lonoke County Circuit Court jury of one count of rape for which he was sentenced to twenty-five years in the Arkansas Department of Correction. On appeal, he raises two arguments for reversal: the trial court erred in (1) ruling inadmissible statements made by the victim regarding her sexual history; and (2) not granting a mistrial because of statements made by a venire member during voir dire. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(8). We find no error and affirm.

On April 8, 2009, an information was filed charging appellant with one count of rape, a Class Y Felony, in violation of Ark.Code Ann. § 5–14–103. The information alleged that on or about January 1, 2001, through February 22, 2009, in Lonoke County, Arkansas, appellant engaged in sexual intercourse or deviate sexual activity with E.B., who was less than fourteen years of age.

Prior to trial, appellant filed a "Motion to Admit Evidence of Prior Sexual Conduct" arguing that such evidence was relevant because (1) the victim, E.B., had been disciplined by her mother for such sexual activity; (2) appellant supported the discipline; and (3) such support was the reason E.B. made the allegation of rape. The motion also stated that his right to present a defense under the state and federal constitutions would be violated if he was not allowed to present such evidence.

On October 19, 2009, the Lonoke County Circuit Court held an in camera hearing on the motion. Appellant introduced a written statement from the Cabot Police Department dated February 22, 2009, concerning a complaint lodged by E.B.'s mother that a forty-three- or forty-four-year-old man told E.B. by text message that if she wanted minutes for her cell phone, she would have to perform sexual favors for him. Appellant asserted that he should be allowed to question E.B.'s mother regarding the sexual conduct of the victim and that if he chose to testify, he should be allowed to testify concerning E.B.'s sexual conduct because such testimony would rebut physical findings that E.B. had suffered a vaginal injury. The circuit court ruled, "[A]t this in camera hearing the court denies the defense motion to admit evidence of prior sexual conduct."

At trial, appellant proffered the testimony of several witnesses. Amanda Presley,[1] appellant's cousin, testified that during an overnight stay in Presley's home E.B. told her that she had sex the previous night and that it was the first time she had sex with anyone. Presley was unable to state when this event occurred. Charles Fisher testified that he had worked with appellant for a couple of years, knew E.B., and E.B. admitted to him that she had previously had sex. Following these proffers, appellant renewed his motion to present evidence of prior sexual history.

1. Appellant refers to the witness as Amanda Pressley and the State refers to her as Amanda Presley. We will refer to her as Amanda Presley as this is the spelling in the record.

[A]t this time I would renew my motion to admit prior sexual activity by the victim based on the testimony the court has heard that has been proffered. I believe it is appropriate for this testimony to come in. It is essential to our defense considering the fact that there is a physical finding and this does not give us a reason for that physical finding other than my client. I think it's necessary and appropriate.

Whereupon, the trial court stated that "the renewed motion to allow alleged prior sexual or other sexual activity of the victim is denied." Appellant now appeals.

## I. *Rape–Shield Statute*

For his first point on appeal, appellant argues that "the trial court erred in applying Ark.Code Ann. § 16–42–101 ... and abused its discretion in prohibiting appellant from presenting relevant evidence that was more probative than prejudicial." Specifically, appellant asserts that the evidence was not offered to show that the victim had engaged in prior sexual activity, but rather to show that the physical findings could have been caused by someone other than appellant.

The State initially asserts that the proffered testimony was not presented during the in camera hearing as required by Ark. Code Ann. § 16–42–101(c)(2)(A), and thus, appellant failed to give the trial court a reasonable opportunity to make a determination of its relevancy. Arkansas Code Annotated section 16–42–101(c)(2)(A) states that a hearing on a motion to present evidence of a victim's prior sexual conduct shall be held in camera no later than three days before the trial is scheduled to begin, or at such later time as the court may permit. Although the testimony was proffered during the trial when appellant renewed his motion, it was within the judge's discretion to permit the testimony.

*Drymon v. State,* 316 Ark. 799, 875 S.W.2d 73 (1994).

The rape-shield statute, codified at Ark.Code Ann. § 16–42–101 (Repl.1999), provides that evidence of a victim's prior sexual conduct is not admissible by the defendant to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose. Ark.Code Ann. § 16–42–101(b); *Bond v. State,* 374 Ark. 332, 288 S.W.3d 206 (2008). However, where the circuit court, at an in camera hearing, makes a written determination that such evidence is relevant to a fact in issue and that its probative value outweighs its inflammatory or prejudicial nature, an exception is granted. *Id.* The statute's purpose is to shield victims of sexual abuse or rape from the humiliation of having their personal conduct, unrelated to the charges pending, paraded before the jury and the public when such conduct is not relevant to the defendant's guilt. *Id.* Therefore, the circuit court is vested with a great deal of discretion in determining whether the evidence is relevant, and we will not overturn the circuit court's decision unless it constituted clear error or a manifest abuse of discretion. *Id.*

Appellant relies on *State v. Townsend,* 366 Ark. 152, 233 S.W.3d 680 (2006), for his assertion that the State's introduction of medical evidence involving E.B.'s vaginal injury makes evidence concerning an alternative source for the injury relevant. In *Townsend,* we concluded that evidence of prior sexual assault of the victim was not relevant to the allegations against the accused "unless the State introduces medical evidence consistent with those allegations." *Id.* at 161, 233 S.W.3d at 687. Here, the State introduced the testimony of Dr. Jerry Jones at trial. Jones practices in sexual-assault pediatrics at Arkansas Children's Hospital. Jones testified that he examined E.B., who was thirteen

at the time, on March 2, 2009. He stated that there was a tear through the hymen into the vaginal wall that was consistent with being penetrated by an adult male penis and that it would have been very painful. He also stated that this was not a fresh injury but that the injury was bad enough that the findings were apparent and further healing was unlikely.

■ In *Townsend*, we recognized that evidence of a child victim's prior sexual conduct could be relevant to rebut the weighty inference that the victim must have received his or her knowledge of sexual matters from the alleged encounters with the defendant. We adopted a five-factor test from *State v. Pulizzano*, 155 Wis.2d 633, 456 N.W.2d 325 (1990), for determining whether evidence of a child victim's prior sexual conduct is admissible for the limited purpose of proving an alternative source for the child's sexual knowledge. For the evidence to be admissible, the defendant must offer proof

(1) that the prior act clearly occurred; (2) that the acts closely resembled those of the present case; (3) that the prior act is clearly relevant to a material issue; (4) that the ₆evidence is necessary to the defendant's case; (5) that the probative value of the evidence outweighs its prejudicial effect.

*Townsend*, 366 Ark. at 158, 233 S.W.3d at 685.

■ The factors set out in *Townsend* are equally applicable here to exclude the victim's alleged prior sexual conduct. Appellant's proffered evidence does not satisfy even the first *Townsend* factor because appellant's proffer failed to establish that the prior act clearly occurred. Presley stated that she could not remember the date of the overnight visit when E.B. told her about having sex. Fisher's proffered testimony was not specific as to when or with whom E.B. admitted having had sex.

Thus, there is an absence of proof that a prior sexual act clearly occurred.

In *Joyner v. State*, 2009 Ark. 168, 303 S.W.3d 54, this court was presented with facts that are similar to this case. There, the defendant filed motions to admit evidence of prior sexual conduct of the victim, specifically that she had made prior allegations of sexual assault against other males in a familial relationship. He argued that the two prior claims of sexual assault were relevant because they could have been the source of the injury to her vaginal area that was testified to by the child-abuse pediatrics expert witness. We relied upon *Townsend* and said that as the defendant had failed to prove that a prior act of sexual conduct had clearly occurred, it was not a manifest abuse of discretion in refusing to admit such proof into evidence. *See Joyner, supra.* Here, as in *Joyner*, appellant failed to establish that the prior act clearly occurred. Because he failed to meet the first factor of *Townsend*, the trial court did not abuse its discretion in excluding E.B.'s alleged prior sexual conduct.

■ ₇Appellant also argues that the trial court's exclusion of evidence under the rape-shield statute violated his constitutional right to cross-examine his accuser and to fully develop his defense. In support of his argument, appellant cites *Jackson v. Norris*, 734 F.Supp.2d 606 (E.D.Ark.2010), and *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). However, appellant did not raise this constitutional argument at the hearing on his rape-shield motion. While it was included in his written motion, appellant failed to obtain a ruling on the issue at the hearing or at trial. In *Eastin v. State*, 370 Ark. 10, 257 S.W.3d 58 (2007), this court refused to reach the merit of arguments not ruled upon by the trial court:

Here, the issues ... were raised by Appellant in his written motion to suppress. However, they were not developed, either factually or legally, during the hearing on the motion. To the contrary, the record of the hearing demonstrates that Appellant abandoned these arguments.... Moreover, the record demonstrates that Appellant did not obtain clear rulings on these issues.

*Id.* at 17, 257 S.W.3d at 64 (citing *Romes v. State,* 356 Ark. 26, 46, 144 S.W.3d 750, 763–64 (2004)). Here, appellant failed to obtain a ruling on his constitutional argument, and we hold that the issue is not preserved for our review.

## II. *Mistrial*

■ Appellant next argues that the circuit court erred by denying his motion for a mistrial because of a potential juror's comment during voir dire. A mistrial is a drastic remedy that should only be granted when justice cannot be served by continuing the trial. *Taylor v. State,* 2010 Ark. 372, 372 S.W.3d 769; *Jackson v. State,* 368 Ark. 610, 249 S.W.3d 127 (2007). The trial court has the sound discretion to decide whether to grant a mistrial, and this decision will not be overturned absent a showing of abuse or upon manifest prejudice to the complaining party. *Green v. State,* 365 Ark. 478, 231 S.W.3d 638 (2006); *Jones v. State,* 340 Ark. 390, 10 S.W.3d 449 (2000). Additionally, even if a remark is improper, the trial court may deny the mistrial motion and cure any prejudice by issuing a jury admonishment to disregard the remark. *Smith v. State,* 351 Ark. 468, 95 S.W.3d 801 (2003); *Dandridge v. State,* 292 Ark. 40, 727 S.W.2d 851 (1987).

■ During voir dire, the following colloquy occurred:

POTENTIAL JUROR: This may sound foolish. I sell cars for a living.

PROSECUTOR: Okay

POTENTIAL JUROR: And I judge people by their appearances every single day.

PROSECUTOR: Okay.

POTENTIAL JUROR: And the defendant looks guilty to me.

Appellant moved immediately for a mistrial. The trial court denied the motion but gave the following curative instruction:

It is the law in the State of Arkansas that as we sit in this courtroom today Mr. Brian Joseph Woodall is presumed innocent of the allegations and the charges which are pending against him. The State of Arkansas has merely filed an information which is a means and a process by which we are going to trial accusing Mr. Woodall of this offense. It is the State's burden of proving his guilt beyond a reasonable doubt. Until the State meets that burden and until the jury concludes that the State has met its burden beyond a reasonable doubt the presumption of innocence for Mr. Woodall prevails and presides throughout the course of this proceeding.

We addressed a venire member's negative comment about the defendant in a criminal trial in *MacKool v. State,* 365 Ark. 416, 231 S.W.3d 676 (2006). In that case, the potential juror said, "My husband and I work out ... at the Little Rock Athletic Club where Mr. MacKool used to work out and I was acquainted with him there ... I do have a negative perception of him." We found no abuse of discretion in denying the motion for a mistrial because the judge gave a curative instruction and conducted individual voir dire to ascertain the impact of the statement. In *MacKool,* the statement had a higher potential for prejudice because the potential juror had a basis upon which to form a negative opinion. Here, the potential juror's remark was based solely on appearances, and the cura-

tive instruction was sufficient to cure any prejudice. We hold that the trial court did not abuse its discretion in denying the motion for a mistrial.

Affirmed.