Cite as 2015 Ark. App. 33

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–14–587

| | |
|---|---|
| JOHNATHAN ALBRETSEN<br>APPELLANT | Opinion Delivered JANUARY 28, 2015 |
| V. | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-13-161-4] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBERT HERZFELD, JUDGE |
| | AFFIRMED |

## BART F. VIRDEN, Judge

Appellant Johnathan Albretsen was charged with first-degree murder and aggravated assault on a family or household member in the death of his stepfather, Joe Gonsalves. A Saline County jury convicted him of manslaughter, and he was sentenced to five years' imprisonment. Albretsen argues on appeal that there was insufficient evidence to support his conviction and that the trial court erred in failing to instruct the jury on negligent homicide. We affirm.

There was evidence that Albretsen, twenty-four years old at the time of the offense, lived with his mother, Teresa Gonsalves, the victim, and a younger half-brother, Grant Quick. There was testimony that on February 16, 2013, the director of 911 communications received a call from Teresa, who said that her son had stabbed her husband in the heart.

Quick testified that he was in his bedroom when he heard loud voices coming from Albretsen's bedroom. Albretsen was sitting on his bed, and their mother was telling him that

he should have left some ice cream for others. According to Quick, there was a rule regarding how much ice cream they were permitted to have. Quick testified that Albretsen told their mother that he should be allowed to have as much as he wanted. Albretsen then began using foul language, at which point Joe told Albretsen that he could not speak to his mother in such a disrespectful manner. When Albretsen attempted to leave the room, Joe pushed Albretsen back down onto the bed and repeatedly told him to "calm down," but Albretsen resisted being restrained. Quick testified that Joe had both hands on Albretsen's shoulders, that Joe did not appear to be aggressive, and that Joe did not hit Albretsen. Quick saw Albretsen's right hand "come around in kind of an arc toward Joe's chest." Albretsen then kicked Joe, who fell against a wall. Quick stated that when Joe stood up and ran from the room, there was blood on the wall. Quick testified that Albretsen then grabbed their mother, threw her onto the bed, and said "something about cutting her up." Albretsen fled from the house and was sitting on the ground outside when police arrived.

Aaron Washington, the patrolman with the Bauxite Police Department who arrested Albretsen, testified that he saw no wounds or injuries on Albretsen. Likewise, Lieutenant Ron Parsons with the Saline County Sheriff's Office testified that he examined Albretsen's body for injuries but that he did not appear to be injured and had no redness or marks.

Daniel W. Dye, associate medical examiner at the Arkansas State Crime Lab, testified that Joe Gonsalves died from a stab wound that punctured his lung and nicked his pulmonary artery. In describing the wound, Dye said that it was triangular shaped, indicating that the knife was turned after it was inserted into the torso. Dye concluded that only a knife with

a single-edged blade could have caused Joe's fatal wound.

The jury was instructed on first-degree murder, second-degree murder, and manslaughter, as well as aggravated and first-degree assault on a family or household member. The jury was also instructed on the defense of justification. Although Albretsen requested an instruction on negligent homicide, the trial court refused to give it. The jury acquitted Albretsen on all charges except manslaughter.

On appeal, Albretsen argues that the trial court erred in denying his directed-verdict motion. We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Walker v. State*, 2014 Ark. App. 271. In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Spight v. State*, 101 Ark. App. 400, 278 S.W.3d 599 (2008). We will affirm if there is substantial evidence, either direct or circumstantial, to support the jury's verdict. *Fletcher v. State*, 2014 Ark. App. 50. Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another. *Spight*, *supra*.

There are two distinct definitions of manslaughter. A person commits manslaughter if the person causes the death of another person under circumstances that would be murder, except that he causes the death under the influence of extreme emotional disturbance for which there is reasonable excuse. Ark. Code Ann. § 5-10-104(a)(1)(A) (Repl. 2013). The reasonableness of the excuse is determined from the viewpoint of a person in the actor's situation under the circumstances as the actor believed them to be. Ark. Code Ann. § 5-10-

104(a)(1)(B).

A person also commits manslaughter if the person recklessly causes the death of another person. Ark. Code Ann. § 5-10-104(a)(3). A person acts recklessly with respect to attendant circumstances or a result of his conduct when the person consciously disregards a substantial and unjustifiable risk that the attendant circumstances exist or the result will occur. Ark. Code Ann. § 5-2-202(3)(A) (Repl. 2013). The risk must be of a nature and degree that disregard of the risk constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation. Ark. Code Ann. § 5-2-202(3)(B).

Because intent can seldom be proved by direct evidence, jurors are allowed to draw upon their common knowledge and experience to infer it from the circumstances. *Spight*, *supra*. Because of the obvious difficulty in ascertaining a defendant's intent, a presumption exists that a person intends the natural and probable consequences of his actions. *Id*. The question of justification is largely a matter of the defendant's intent, which must be established by circumstantial evidence, and is essentially a question of fact for the jury. *Taylor v. State*, 28 Ark. App. 146, 771 S.W.2d 318 (1989). A person is justified in using deadly force upon another person if he reasonably believes that the other person is using or is about to use unlawful deadly physical force. Ark. Code Ann. § 5-2-607(a)(2) (Repl. 2013).

Albretsen argues that there was not sufficient evidence that he caused the death under extreme emotional distress or by acting recklessly. He maintains that the evidence established that the victim initiated the physical contact and prevented him from leaving. Albretsen contends that, although he is left-handed, he struck the victim with his right hand, and there

4

was no evidence that he had a knife. Albretsen characterizes his actions as "reasonable."

As a preliminary matter, although the weapon was not found, the jury could reasonably conclude that Albretsen used a knife to stab the victim. The medical examiner testified that only a knife could have caused the victim's fatal wound. Quick described seeing Albretsen's hand making contact with the victim's chest and, immediately after the victim had been kicked against a wall, Quick saw blood on the wall. Moreover, Quick testified that Albretsen threatened to "cut" their mother.

At minimum, the jury could have found that Albretsen acted recklessly in causing his stepfather's death and that Albretsen consciously disregarded a substantial and unjustifiable risk that Joe would die when he plunged a knife into the victim's chest and twisted it. We hold that there was substantial evidence to support Albretsen's conviction for manslaughter.

To the extent that Albretsen advances his justification defense on appeal, we note that the defense, with its requirement of reasonableness, is inconsistent with the element of recklessness in the manslaughter statute. *See Cobb v. State*, 340 Ark. 240, 12 S.W.3d 95 (2000); *Merritt v. State*, 82 Ark. App. 351, 107 S.W.3d 894 (2003). Arkansas Code Annotated section 5-2-614(a) (Repl. 2013) provides that justification is not available as a defense to an offense for which recklessness or negligence suffices to establish culpability. In any event, there was evidence that Albretsen suffered no injuries as a result of the victim's actions, while the victim sustained several injuries in addition to the fatal wound. Moreover, Quick's testimony established that the victim was only attempting to calm Albretsen when he placed his hands on Albretsen's shoulders. The jury was not required to believe Albretsen's defense.

*Bargery v. State*, 37 Ark. App. 118, 825 S.W.2d 831 (1992).

Next, Albretsen argues that the trial court erred in failing to give a jury instruction on negligent homicide as a lesser-included offense of manslaughter. An instruction on a lesser-included offense is appropriate when it is supported by even the slightest evidence. *Jones v. State*, 2012 Ark. 38, 388 S.W.3d 411. However, we will affirm the circuit court's decision to not give an instruction on the lesser-included offense if there is no rational basis for doing so. *Id*. A circuit court's ruling on whether to submit a jury instruction will not be reversed absent an abuse of discretion. *Id*.

A person commits negligent homicide if he negligently causes the death of another person. Ark. Code Ann. § 5-10-105(b)(1) (Repl. 2013). A person acts negligently with respect to attendant circumstances or a result of his conduct when the person should be aware of a substantial and unjustifiable risk that the attendant circumstances exist or the result will occur. Ark. Code Ann. § 5-2-202(4)(A). The issue now presented is whether there was even the slightest evidence to support the requested jury instruction on negligent homicide.

Albretsen argues that the evidence established that the victim initiated the physical altercation. He contends that, when he attempted to leave the room, the victim forced him onto the bed. Albretsen argues that he struck the victim only once with his non-dominant hand. Albretsen contends that this was evidence from which the jury could have found that he failed to perceive the risk.

To the contrary, there was no evidence from which the jury could conclude that Albretsen was unaware that stabbing his stepfather in the chest carried with it a substantial

and unjustifiable risk that death would occur. Further, Albretsen's deliberate act of twisting the knife after stabbing the victim cannot be characterized as negligence. *Mason v. State*, 2013 Ark. App. 48, at 3 (holding that there was no rational basis on which to instruct the jury to consider negligent homicide where there was evidence of a stab wound to a vital area of the victim's body, because such action went beyond the mere failure to perceive the risk that the victim would suffer serious injury or death and "affirmatively sought one of those results"). Albretsen's argument on this point is simply untenable. Under these circumstances, we hold that the trial court did not abuse its discretion in refusing to instruct the jury on negligent homicide.

Affirmed.

GLADWIN, C.J., and HIXSON, J., agree.

*Digby Law Firm*, by: *Bobby R. Digby II*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura K. Shue*, Ass't Att'y Gen., for appellee.