N. MARK KLAPPENBACH, Judge *577 Michael Lee Sweeten appeals his convictions in the Miller County Circuit Court of three counts of second-degree sexual assault. On appeal, he argues that the circuit court erred in excluding certain evidence under the rape-shield statute and erred in permitting a forensic interviewer to testify. We affirm.
Appellant was charged with one count of rape and two counts of sexual assault against victim A.G. and with two counts of sexual assault against victim H.G. At the jury trial, fifteen-year-old A.G. testified that appellant sexually assaulted and raped her when she was eleven or twelve years old. Nineteen-year-old H.G. testified that appellant had sexually assaulted her twice when she was about six years old. Appellant was ultimately convicted of one count of sexual assault involving A.G. and two counts involving H.G.
Prior to trial, appellant filed a motion to admit evidence of A.G.'s prior sexual conduct. He requested permission from the court to cross-examine A.G. regarding sexual assaults perpetrated against her by two other men as a way to show an alternative source for her knowledge of sexual matters. He said that A.G. was a victim in a separate case the court had heard "back in the fall." The State argued that this type of evidence violates the rape-shield statute. The circuit court agreed with the State and denied appellant's motion.
The rape-shield statute, codified at Arkansas Code Annotated section 16-42-101 (Repl. 1999), provides that evidence of a victim's prior sexual conduct is not admissible by the defendant to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose. Woodall v. State , 2011 Ark. 22, 376 S.W.3d 408. An exception to this rule exists when the circuit court, at an in camera hearing, makes a written determination that such evidence is relevant to a fact in issue and that its probative value outweighs its inflammatory or prejudicial nature. Id. The circuit court is vested with a great deal of discretion in determining whether the evidence is relevant, and we will not overturn the circuit court's decision unless it constitutes a clear error or a manifest abuse of discretion. Id.
Appellant now argues that the circuit court erred in failing to consider the five factors adopted by the supreme court for determining whether to admit evidence of a child's prior sexual conduct for the limited purpose of proving an alternative source for sexual knowledge. See State v. Townsend , 366 Ark. 152, 233 S.W.3d 680 (2006). For the evidence to be admissible, the defendant must offer proof prior to trial
(1) that the prior act clearly occurred; (2) that the acts closely resembled those of the present case; (3) that the prior act is clearly relevant to a material issue; (4) that the evidence is necessary to the defendant's case; (5) that the probative value of the evidence outweighs its prejudicial effect.
See Woodall , supra ; Townsend , supra . Appellant contends that all five factors have been satisfied.
The State asserts that appellant's argument is not preserved for review because he failed to proffer any testimony *578 at the in camera hearing. We agree. The admissibility of evidence otherwise barred by the rape-shield statute must be determined in a pretrial in camera hearing as prescribed by Arkansas Code Annotated section 16-42-101(a) - (c). Dicandia v. State , 2010 Ark. 413. At the in camera hearing, the defendant must offer the evidence of prior sexual conduct, not merely legal argument. See id. (citing Ark. Code Ann. § 16-42-101(c)(2)(C) ). Here, as in Dicandia , appellant made arguments in support of his motion but offered no evidence. Appellant argues that he did not have to recite the facts of the prior sexual assault because the court was already aware of them. At the hearing, the court agreed that it had heard the case referred to by appellant, but there was no indication one way or the other whether the court recalled the details of that case, which would be necessary to apply the Townsend factors. Even if the circuit court had knowledge of all the relevant details, the failure to proffer evidence so that this court may determine prejudice precludes review of the issue on appeal. Sorum v. State , 2017 Ark. App. 384, 526 S.W.3d 50.
After reporting the allegations to police, A.G. and H.G. were interviewed by a forensic interviewer at the Texarkana Children's Advocacy Center. Missy Davidson, a program director, therapist, and forensic interviewer at the center, testified on behalf of the State, although she did not conduct the interviews in this case. Prior to her testimony, appellant informed the court that he would "be on the lookout for if her opinion is to the veracity or credibility of any of the witnesses." The court agreed that the witness could not give an opinion about whether someone was telling the truth. After Davidson testified about her educational background and training, the State moved to recognize her as an expert in the field of forensic interviewing. Appellant objected, arguing that "under 401, 403, and 702, this type of testimony is not helpful to the jury." The court overruled the objection and recognized Davidson as an expert witness. Appellant later objected during Davidson's testimony about what a forensic interviewer looks for in an interview. He argued that the testimony went to veracity. The court overruled the objection, and Davidson testified that they look for consistency within the statement and sensory details.
Appellant now argues that Davidson's testimony taken as a whole was, in essence, an expert witness telling the jury that a witness is telling the truth. We disagree. As appellant acknowledges, Davidson testified about how interviews in general are conducted and about common characteristics of child sex-abuse victims. He admits that Davidson did not specifically testify that the victims were credible, but he claims that the State was able to suggest as much by using her testimony to bolster that of the victims and by referencing her testimony in its closing argument.
The supreme court has said that it is erroneous for the circuit court to permit an expert, in effect, to testify that the victim of a crime is telling the truth. Hill v. State , 337 Ark. 219, 988 S.W.2d 487 (1999). This court reversed in Cox v. State , 93 Ark. App. 419, 220 S.W.3d 231 (2005), because the forensic interviewer testified repeatedly that she believed the victim to be highly credible. We also reversed in Purdie v. State , 2010 Ark. App. 658, 379 S.W.3d 541, because the interviewer reviewed the videotape of the interview with the jury and testified that she did not observe anything that led her to believe that the victim had been coached or that she was fabricating. Here, however, the videos of the interviews were not played for the jury, and Davidson did not testify *579 about the victims or the allegations in this case. Davidson's testimony was more akin to that in Hill , supra , in which a witness testified about the criteria used by the Department of Human Services in evaluating a child's allegation of sexual abuse and the guidelines employed to determine whether the allegations warranted an investigation. The circuit court overruled Hill's objection, finding that the jury was entitled to understand the State's interview and investigation techniques, and the supreme court found no error in permitting the testimony. Based on similar testimony here, we hold that there was no abuse of discretion.
Affirmed.